# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLINE MATHIEU,

    Plaintiff,

v.                                                Case No. 8:25-cv-3188-KKM-CPT

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.

_____

## **ORDER**

        On October 6, 2025, Charline Mathieu sued Progressive Select Insurance Company in Florida state court for breach of contract. *See* State Ct. Docket Sheet (Doc. 7-4) at 2; Compl. (Doc. 7-3). On October 10, 2025, Mathieu served Progressive with her complaint. *See* State Ct. Docket Sheet at 1; Notice of Service of Process (Doc. 13-1). On November 10, 2025, Progressive filed a notice of removal in state court, but did not file its notice of removal in this Court until November 19, 2025. *See* State Ct. Docket Sheet at 1; Notice of Removal (Doc. 1). On November 25, 2025, in response to my order, Progressive amended its notice of removal to include the other documents filed in state court as required by the Local Rules. *See* (Doc. 7). Mathieu moves for remand to state court. Mot. (Doc. 13). Progressive has not responded to her motion.

Mathieu argues for remand because Progressive untimely removed the case to this Court. Mot. at 3–4. She also contends that Progressive fails to establish diversity and the required amount in controversy. *See* Mot. 4–11. Because I agree with Mathieu's argument that Progressive's untimely removal requires remand, I do not reach the other arguments. Mathieu also requests attorney's fees and costs associated with the removal under 28 U.S.C. § 1447(c). Mot. at 11–12.

Progressive had until November 10, 2025, to remove to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.") Progressive indeed filed a notice of removal on November 10, 2025, but in the wrong court. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."). Although Progressive eventually filed its notice of removal in this Court, it did so too late. Thus, the action must be remanded to state court. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[F]ederal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (internal quotation omitted)); *In re Loudermilch*, 158 F.3d 1143, 1145 (11th

Cir. 1998) (per curiam) ("Federal law directs a district court to remand a case to state court when it determines the case was improvidently removed."); *Torres v. AIG Claim Servs., Inc.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997) ("The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court.").

Although courts have discretion as to awarding fees and costs under 28 U.S.C. § 1447(c), "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). After reviewing the complaint and the other documents that Progressive submitted with its amended notice of removal, I conclude that Progressive had an objectively reasonable basis for removal. Progressive reasonably concluded that the plaintiff is a citizen of Florida and that the amount in controversy requirement was met because of the serious nature of the injuries described in the complaint. *See* Compl. ¶¶ 8–9; (Doc. 7-1). I deny Mathieu's request for attorney's fees and costs.

Accordingly, the following is **ORDERED:**

1. Mathieu's Motion to Remand (Doc. 13) is **GRANTED** as to remand and **DENIED** as to her request for attorney's fees and costs.

2. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County,

3

Florida, and to **TRANSMIT** a certified copy of this order to the clerk of that court.

3. The Clerk is further directed to **TERMINATE** any pending deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 2, 2026.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge